IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00104-GPG

JACQUELINE [SANTISTEVAN],
GREEN CLEAN CLASSY CLEAN,

    Plaintiffs,

v.

WELLS FARGO,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Jacqueline Santistevan, resides in Denver, Colorado. On January 10, 2017, she initiated this action by filing *pro* se, a Complaint (ECF No. 1). Ms. Santistevan has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    On January 12, 2017, Magistrate Judge Gordon P. Gallagher reviewed the Complaint and determined that it was deficient because Plaintiff Green Clean Classy Clean may not appear in federal court absent representation by counsel; Plaintiff failed to state a jurisdictional basis for her claims; the Defendants, who are private actors, cannot be held liable under 42 U.S.C. § 1983; the allegations of the Complaint are insufficient to invoke the Court's federal diversity jurisdiction; and, the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. (*See* ECF No. 4). Plaintiff was directed to file an Amended Complaint within 30 days of the January 12 Order. (*Id.*). Magistrate Judge Gallagher warned

1

Plaintiff that failure to file an Amended Complaint within the time allowed would result in dismissal of this action without further notice for the reasons outlined in the January 12 Order. (*Id.*).

Ms. Santistevan did not file an Amended Complaint by the court-ordered deadline, nor has she communicated with the Court since January 10, 2017.

Ms. Santistevan's Complaint is construed liberally because she is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court does not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, and as discussed in the January 12 Order, this action will be dismissed.

## I. The Complaint

Ms. Santistevan alleges the following facts in the Complaint:

> Money was transferred from several account[s] while banking with Wells Fargo. I'v[e] exhausted all remed[ie]s. Over 20 bankers have gave false information on remed[ie]s and have contacted authority when trying to gain documentation of check my mother Elizabeth Tafoya wrote on June 26, 2014. I was taken to mental health numerous occasions.

(ECF No. 1 at 1). In the Jurisdiction section of the Complaint, she references "fraud," "defamation," and "extortion." (*Id.* at 2). Plaintiff does not request any relief.

## II. Analysis

As discussed in the January 12 Order, Plaintiff Green Clean Classy Clean may not appear in federal court absent representation by counsel. See *Harrison v. Wahatoyas, LLC,* 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *Flora Constr. Co. v.*

2

*Fireman's Fund Ins. Co.*, 307 F.2d 413, 414 (10th Cir.1962) ("The rule is well established that a corporation can appear in a court of record only by an attorney at law."); *see also Roscoe v. United States,* 134 F. App'x. 226, 228 (10th Cir.2005) (affirming an order from a "magistrate judge prohibit[ing] the LLC from proceeding without counsel").  Accordingly, Green Clean Classy Clean is an improper Plaintiff.

With regard to the issue of subject matter jurisdiction, the allegations of the Complaint do not suggest that Plaintiff is attempting to invoke the Court's federal question jurisdiction under 28 U.S.C. 1331 because she has not alleged the violation of the Constitution or federal statute.  42 U.S.C. § 1983 provides a remedy for the deprivation of a right secured by the Constitution or federal statute, committed under color of state law.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  However, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Id.* at 50 (quotation marks omitted).  Defendant Wells Fargo is a private actor.  Consequently, the Complaint does not state an arguable claim for relief under § 1983 because Ms. Santistevan complains about purely private conduct.

Further, the Complaint fails to invoke the Court's diversity jurisdiction for any intended state law claims because Plaintiff does not allege facts to show that all of the parties are of diverse citizenship or that the amount in controversy exceeds $75,000. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006); 28 U.S.C. § 1332(a).  *See also Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity must be pleaded affirmatively.) (citations omitted).

In addition, the Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, which requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."   Ms. Santistevan was warned in the January 12 Order that to state a claim in federal court, she must explain in an Amended Complaint "what each defendant did to [her] . . . ; when the defendant did it; how the defendant's action harmed [her] . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

And, finally, Ms. Santistevan lacks standing to assert that the Defendants have violated criminal laws, or to seek criminal prosecution, in either the state or federal court.  See *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("A private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *see also Keyter v. 535 Members of 110th Congress*, 277 F. App'x. 825, 827 (10th Cir. 2008); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir. 1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").   Accordingly, it is

ORDERED that any state law claims asserted in the Complaint are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.   It is

FURTHER ORDERED that to the extent Plaintiff is seeking relief under 42 U.S.C. § 1983, the claims are DISMISSED WITH PREJUDICE as legally frivolous under 28 U.S.C. § 1915(e)(2)(B).  It is

FURTHER ORDERED that leave to proceed in forma pauperis on appeal is denied for the purpose of appeal.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal she must also pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Dated February 22, 2017, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court